Citation Nr: 1222002 
Decision Date: 06/22/12 Archive Date: 07/02/12

DOCKET NO. 10-45 223 ) DATE
 )
 )

Received from the
Department of Veterans Affairs Regional Office in Houston, Texas


THE ISSUES

1. Entitlement to higher initial ratings for allergic rhinitis rated as non compensable from November 14, 2005, and 10 percent disabling from May 18, 2009.

2. Entitlement to a higher initial rating for posttraumatic stress disorder (PTSD) rated as 30 percent disabling from May 27, 2009.


REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

N. T. Werner, Counsel



INTRODUCTION

The Veteran served on active duty from March 1994 to August 1996. 

This matter comes before the Board of Veterans' Appeals (Board) from August 2010 and April 2012 rating decisions of Regional Offices (RO's) of the Department of Veterans Affairs (VA). Jurisdiction over this appeal resides with the RO in Houston, Texas. In April 2012, the Board remanded the claim for a higher evaluation for allergic rhinitis for further development. This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2011). 38 U.S.C.A. § 7107(a)(2) (West 2002).

The appeal is REMANDED to the RO via the Appeals Management Center (AMC), in Washington, DC. VA will notify the appellant if further action is required.


REMAND

As to the claim for higher evaluations for allergic rhinitis, in April 2021 the Board remanded the claim to provide the Veteran with a VA examination to ascertain the current severity of his service connected allergic rhinitis. In this regard, the VA examiner was directed to specifically provide the Board with the following information: 

. . . indicate how many incapacitating episodes per year requiring prolonged (lasting four to six weeks) antibiotic treatment the Veteran has had due to this condition; and how many non-incapacitating episodes (characterized by headaches, pain, and purulent discharge or crusting) the Veteran has per year due to this condition.

The post-remand record shows that the Veteran was afforded an examination in April 2012. However, the Board finds this examination inadequate because, while the examiner reported the Veteran's lay claims regarding having six incapacitating episodes in the last six months, he did not specifically opine that the record supported the appellant's lay claims regarding having six incapacitating episodes in the last six months because it contained objective evidence of prolonged (lasting four to six weeks) antibiotic treatment for each of these episodes. See Black v. Brown, 5 Vet. App. 177, 180 (1995) (holding that a medical opinion is inadequate when it is unsupported by clinical evidence); Reonal v. Brown, 5 Vet. App. 458, 461 (1993) (a medical opinion based on an inaccurate factual premise is not probative). Likewise, the Board finds this examination inadequate because the examiner did not indicate how many non-incapacitating episodes (i.e., episodes characterized by headaches, pain, and purulent discharge or crusting) the claimant had per year because of his allergic rhinitis. 

Therefore, the Board finds that a remand is required to provide the Veteran with another examination to obtain this information. See 38 U.S.C.A. § 5103A(d) (West 2002); Barr v. Nicholson, 21 Vet. App. 303, 312 (2007) (holding that when VA undertakes to provide a VA examination or obtain a VA opinion, it must ensure that the examination or opinion is adequate); Stegall v. West, 11 Vet. App. 268 (1998) (holding that where the remand orders of the Board are not satisfied, the Board itself errs in failing to ensure compliance). 

As to the claim for a higher initial rating for PTSD, in April 2012 the Veteran filed a notice of disagreement (NOD) with the RO's earlier April 2012 decision that granted a 30 percent rating for the claimant's newly service connected PTSD. See 38 C.F.R. § 20.201 (2011). However, a statement of the case (SOC) addressing this issue has not been issued by the RO. 38 C.F.R. § 19.29 (2011). Since the Court in Manlincon v. West, 12 Vet. App. 238 (1999), held that referral to the RO of an issue that a veteran disagrees does not suffice, the Board finds that this issue must be remanded for a SOC. As to the representative's contention that this claim includes a claim for a total disability rating based on individual unemployability (TDIU) under Rice v. Shinseki, 22 Vet. App. 447 (2009) (per curiam) (holding that claims for higher evaluations also include a claim for a total rating based on TDIU the appellant claims he is unable to work due to a service connected disability), the Board finds that it does not currently have jurisdiction to render such a determination. Plainly put, its jurisdiction is limited to requesting the issuance of a SOC. Id. 

Additionally, the record reveals that the Veteran's receives ongoing medical treatment through, among other places, the South Texas Health Care System. However, his post-May 2012 treatment records from this facility are not found in the record. Therefore, while the appeal is in remand status these records should be obtained and associated with the claims file. See 38 U.S.C.A. § 5103A(b) (West 2002); Bell v. Derwinski, 2 Vet. App. 611 (1992) (holding that VA adjudicators are deemed to have constructive notice of VA treatment records).

Accordingly, the appeal is REMANDED to the RO/AMC for the following actions:

1. As to the claim for a higher initial rating for PTSD, the RO should issue a SOC. If, and only if, the Veteran files a timely substantive appeal as to this issue should it be returned for review by the Board.

2. The RO/AMC should obtain and associate with the record all of the Veteran's post-May 2012 treatment records from the South Texas Health Care System. All actions to obtain the requested records should be documented fully in the claims file. 

3. After undertaking the above development to the extent possible, the RO/AMC should obtain an addendum to the April 2012 VA sinus examination by the same examiner or another qualified examiner if that examiner is not available. The claims file should be provided to the examiner in connection with the examination. All indicated tests and studies deemed appropriate by the examiner must be accomplished and all clinical findings should be reported in detail. The examiner should provide a detailed review of the Veteran's history, current complaints, and the nature and extent of his service connected allergic rhinitis. In this regard, the examiner must provide VA with answers to the following questions:

a. Based on the objective medical evidence found in the claims file, how many incapacitating episodes per year requiring prolonged (lasting four to six weeks) antibiotic treatment did the Veteran have in each 12 month period since November 2005?

b. Based on the objective medical evidence found in the claims file, how many non-incapacitating episodes (characterized by headaches, pain, and purulent discharge or crusting) did the Veteran have in each 12 month period since November 2005?

In providing answers to the above questions, the examiner should comment on and/or take note of the fact that the claimant is competent and credible to report on the observable symptom of his disorder (i.e., headaches, pain, and purulent discharge or crusting, etc. . .) even when his records are negative for symptoms of or a diagnosis.

If the examiner cannot provide an answer to either of the above questions, the examiner is advised that he/she should explain why the requested opinion cannot be provided (i.e., because the limits of medical knowledge had been exhausted or because further information to assist in making the determination is needed such as additional records and/or diagnostic studies). If the examiner cannot provide the answer because further information to assist in making the determination is needed, all reasonable steps to obtain this missing data must be exhausted before concluding that the answer cannot be provided.

A complete rationale with citation to relevant evidence found in the claims file must be provided for each opinion offered. 

4. The RO/AMC should thereafter readjudicate the claim for higher ratings for service-connected allergic rhinitis, including whether further staged ratings are warranted. See Fenderson v. West, 12 Vet. App. 119, 125-26 (1999). 

5. If any of the benefits sought on appeal remain denied, the Veteran and his representative should be provided a supplemental statement of the case (SSOC). The SSOC must contain notice of all relevant actions taken on the claims for benefits to include a summary of the evidence received, and any evidence not received, and all applicable laws and regulations considered pertinent to the issues on appeal, and a reasonable period of time should be allowed for response before the appeal is returned to the Board.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

These claims must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2011).




_________________________________________________
Michael J. Skaltsounis
Acting Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2011).